UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY ERICKSON ) | |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| VALENTINE & KEBARTAS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Amy Erickson, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Amy Erickson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.	Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.	Plaintiff, Amy Erickson, (hereafter, Plaintiff) is an adult natural person residing at 3717 Hickory Lane, Bensalem, PA 19020.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.	Defendant, Valentine & Kebartas, Inc. (hereafter, Defendant) at all times relevant hereto, is and was a legal corporation, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Massachusetts, with a principal place of business located at 15 Union Street, Lawrence, Massachusetts 01840.

6.	Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.	On or about December 18, 2011, Plaintiff received a call from Defendant in regards to a debt Plaintiff allegedly incurred in 2006.

8.	Plaintiff was said to owe approximately $1,256.96.

9.	The Plaintiff was unaware of this debt and requested that the Defendant send her validation in writing.

10.	Defendant informed the Plaintiff that they had already sent her two letters in regards to this matter and that they would not send anymore.

11.	Defendant at no time during this call confirmed who they were collecting for.

12. Defendant requested that the Plaintiff pay off the balance owed in two equal monthly payments.

13. Plaintiff stated that she was currently unemployed and could not afford to pay anything at this time.

14. Defendant continued to insist on payment asking the Plaintiff to give them her checking account information.

15. During this same call, Defendant encouraged the Plaintiff to borrow money from her family to pay off her debt if she was not working.

16. The Plaintiff again asked for written validation of the debt.

17, Defendant then told the Plaintiff that they knew she was just trying to buy time and that she needed to just pay her debt.

18. Plaintiff refused to make any payments without validation.

19. Defendant's agent stated that they would mark the Plaintiff's file as a refusal to pay.

20. Before hanging up on the Plaintiff, Defendant threatened that they would see her in court.

21. On or about January 5, 2012, Plaintiff received another call from the Defendant looking for payment on the above referenced debt.

22. Plaintiff again asked for validation in writing.

23. Defendant continued to call the Plaintiff.

23. On or about January 10, 2012, Defendant called Plaintiff five (5) times before ten o'clock in the morning.

24. Defendant continued collection efforts despite their failure to send the Plaintiff requested validation of the alleged debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:        Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(5):     Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):    Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:        Failure to send the consumer 30-day validation notice within five days of the initial communication

§ 1692g(b):     Collector must cease collection efforts until debt is validated

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Valentine & Kebartas, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

32. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

33. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

34. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

35. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

36. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

37. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

39. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

40. The foregoing paragraphs are incorporated herein by reference.

41. Plaintiff and Defendant are õPersonsö to 73 Pa. C.S § 201-2.

42. The UTPCPL proscribes, inter alia, engaging in any õunfair or deceptive acts or practicesö, either at, and prior to or subsequent to a consumer transaction.

43. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

    44.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

    45.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

    **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN LAW GROUP, P.C.**

**Date:  April 4, 2012**          BY: <u>*/s/ Bruce K. Warren  bkw4066*</u>
                                                   Bruce K. Warren, Esquire

                                                   Warren Law Group, PC
                                                   57 Cooper Street
                                                   Woodbury, NJ 08096
                                                   P: (856)848-4572
                                                   F: (856)848-4518
                                                   Attorney for Plaintiff